# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL ANGELO CASERES,<br><br>                  Plaintiff,<br><br>       v.<br><br>C. A. TERHUNE, et al.,<br><br>                  Defendants. | CASE NO. 1:10-cv-01239-OWW-GBC (PC)<br><br>ORDER TO SHOW CAUSE FOR FAILURE TO COMPLY THE COURT'S JUNE 10, 2011 SCREENING ORDER<br><br>PLAINTIFF MUST SHOW CAUSE OR FILE AN AMENDED COMPLAINT BY AUGUST 25, 2011 |

**ORDER**

Plaintiff Paul Angelo Caseres is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On June 10, 2011, the Court screened Plaintiff's Complaint and found that it failed to state any claims upon which relief could be granted. (ECF No. 10.) The Court dismissed Plaintiff's Complaint and ordered him to file an amended complaint within thirty days. (Id.) Plaintiff was warned that failure to comply with the Court's Order may result in dismissal of this action for failure to state a claim upon which relief could be granted.  (Id.)

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with

prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

To date, Plaintiff has not filed an amended complaint or otherwise responded to the Court's June 10, 2011 Screening Order and more than thirty days have passed. Accordingly, not later than **August 25, 2011**, Plaintiff shall either file an amended complaint or show cause as to why his case should not be dismissed.

Plaintiff is hereby on notice that failure to comply with this Order will result in dismissal of this action for failure to prosecute and failure to state a claim upon which relief could be granted.

IT IS SO ORDERED.

Dated:   July 21, 2011

UNITED STATES MAGISTRATE JUDGE

2